James HUSON, by and through his guardian ad litem Michael HUSON; Michael D. Huson; Tena Huson, Plaintiffs–Appellants,

v.

SIMI VALLEY UNIFIED SCHOOL DISTRICT; Barbara Patten, Defendants–Appellees.

No. 07–55785.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed Sept. 2, 2009.

Henry Tovmassian, Esq., Newman, Aaronson & Vanaman, Sherman Oaks, CA, for Plaintiffs–Appellants.

Carol A. Woo, Esq., Benton, Orr, Duval & Buckingham, Ventura, CA, for Defendants–Appellees.

Before: PREGERSON and N.R. SMITH, Circuit Judges, and COLLINS *, District Judge.

## MEMORANDUM **

██ James Huson and his parents, Michael and Tena Huson (the "Husons") appeal the district court's dismissal of their claims under the Rehabilitation Act, Americans with Disabilities Act, and 42 U.S.C. § 1983. Because the parties are familiar with the facts of the case, we repeat them here only to the extent necessary to explain our decision. We have jurisdiction over the district court's order under 28 U.S.C. § 1291. We review questions of law, such as whether administrative exhaustion is required under the Individuals with Disabilities Education Act, ("IDEA") de novo. *Witte v. Clark County Sch. Dist.*, 197 F.3d 1271, 1274 (9th Cir.1999). We affirm.

██ "[P]laintiffs must exhaust administrative remedies before filing a civil lawsuit if they seek relief for injuries that could be redressed *to any degree* by the IDEA's administrative procedures." *Kutasi v. Las Virgenes Sch. Dist.*, 494 F.3d 1162, 1163 (9th Cir.2007) (emphasis added); *see also Robb v. Bethel Sch. Dist. # 403*, 308 F.3d 1047, 1050 (9th Cir.2002). Exhaustion is not required where the IDEA administrative process would be "futile or inadequate." *Honig v. Doe*, 484 U.S. 305, 327, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988).

██ Here, Appellants' attempt to invoke the futility exception is not persuasive. Appellants initially sought IDEA services and were denied. Appellants seek to avoid the exhaustion requirement by adopting Appellees' position that James Huson is ineligible for IDEA services. The IDEA provides the "opportunity for any party to present a complaint ... with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such a child." 20 U.S.C. § 1415(b)(6)(A); *see also* Cal. Educ. Code § 56501(a) (providing a due process hearing when there is a "refusal to initiate or change the identification, assessment, or educational placement of the child or the provision of a free appropriate public education to the child"). The disagreement over James Huson's education falls within these bounds, and must be administratively exhausted before Plaintiffs may bring other claims.[1]

Accordingly, the district court's order is AFFIRMED.

---

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because James Huson's eligibility for IDEA services has not yet been finally determined and because Appellants must exhaust IDEA remedies, we do not reach the other issues presented on appeal.